UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-25161

YOELVIS GONZALEZ PEREZ,

    Plaintiff,

vs.

MIAMI YACHT CLUB, INC.,

    Defendant.

_____/

## COMPLAINT FOR FLSA VIOLATION(S)

Plaintiff, Yoelvis Gonzalez Perez, sues Defendant, Miami Yacht Club, Inc., as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Yoelvis Gonzalez Perez**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

2. Mr. Gonzalez Perez consents to participate in this lawsuit.

3. Mr. Gonzalez Perez was an employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

4. Mr. Gonzalez Perez was a non-exempt employee of Defendant.

5. **Defendant, Miami Yacht Club, Inc.,** is a *sui juris* Florida not-for-profit corporation that was authorized to conduct and actually conducted its business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

6. Defendant was Plaintiff's direct employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

1

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because Defendant maintained its principal place of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

8. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 29 U.S.C. §201, *et seq*.

### *Background Facts*

9. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

10. Defendant has been, at all times material, an enterprise engaged in interstate commerce in the course of its preparation, cooking, service, and sale of soft drinks, alcoholic beverages, beer, and products that have moved through interstate commerce.

11. Defendant purchased, prepared, stored and sold perishables, sodas, beer, and alcoholic beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

12. Furthermore, Defendant regularly and recurrently obtains, solicits, exchanges and sends funds to and from outside of the State of Florida, uses telephonic transmissions going outside of the State of Florida to conduct business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

13. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

14. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

15. Plaintiff worked for Defendant from June 11, 2009 to November 22, 2019.

16. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while he worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of his handling, mixing, and serving soft drinks, alcoholic beverages, and beer that have traveled through interstate commerce while also regularly and recurrently utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

17. Plaintiff regularly, recurrently, and routinely processed credit card and ATM card payments utilizing communications that traveled outside of the State of Florida and operated a cash register to receive payments for selling soft drinks, alcoholic beverages, beer, that traveled in interstate commerce prior to his sale of same.

18. During the last three years, Defendant paid Plaintiff in part through an hourly rate of pay of $10.00 per hour and also by paying Plaintiff in part by the tips paid by patrons.

19. Defendant would take control of the tips and then distribute, on per-shift basis, an equal amount in tips to each bartender and to each "Bar Manager".

20. Defendant required that Plaintiff share a portion of his tips with the "Bar Manager".

### *Liability*

21. Under the FLSA, tips are the property of the server/bartender and cannot be legally shared with managers, "back of the house" personnel, and/or the "house"/employer.

22. The FLSA, at 29 U.S.C. §203(m)(2)(b), specifically provides that, "An employer

may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

23. Defendant violated the FLSA by distributing a portion of the tips earned by Plaintiff to the "Bar Manager(s)".

24. As a direct and proximate result of Defendant's violation(s) of the FLSA, as set forth above, Plaintiff is entitled to payment of all tips wrongfully or improperly held/distributed.

25. Defendant willfully and intentionally shared Plaintiff's tips with the "Bar Manager(s)", it either knew from prior experience or recklessly failed to investigate whether its payment of a portion/share of the tips to the "Bar Manager" during the relevant time period violated the FLSA, and/or it concocted a scheme pursuant to which it deprived Plaintiff of the tips to which he was entitled to recover.

26. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

27. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

28. Plaintiff is entitled to a backpay award of all tips wrongfully withheld/distributed, plus an equal amount as a penalty/liquidated damages, plus his attorneys' fees and costs.

WHEREFORE Plaintiff, Yoelvis Gonzalez Perez, demands the entry of a judgment in his favor and against Defendant, Miami Yacht Club, Inc., after trial by jury and as follows:

    a.    That Plaintiff recover compensatory damages for all tips wrongfully withheld/distributed and an equal amount of liquidated damages as

4

provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages/tips if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid tips/wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendant be Ordered to make Plaintiff whole by providing appropriate tips/wages and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Yoelvis Gonzalez Perez, demands a trial by jury of all issues so triable.

Respectfully submitted this 16th day of December 2019.

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
7300 North Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
*Counsel for Plaintiff*